```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
        -against-                       04-CR-699 (DRH)(S-2)

RODNEY ARNOLDO MORRISON,

            Defendant.
-----------------------------X
A P P E A R A N C E S:

For the Government:
    Roslynn R. Mauskopf
    United States Attorney
    Eastern District of New York
    One Pierrepont Plaza
    Brooklyn, New York  11201
      By: James M. Miskiewicz, A.U.S.A.
          Richard Thomas Lunger, Jr., A.U.S.A

For Defendant:
    Law Offices of Peter Smith & Associates
    232 East Main Street
    Huntington, New York 11743
      By: Peter Smith, Esq.

    Thomas P. Cleere, Esq.
    3075 Veterans Memorial Hwy.
    Suite 200
    Ronkonkoma, New York 11779
```

**HURLEY, District Judge**:

The purpose of this Order is to appoint counsel for Rodney Arnoldo Morrison ("defendant" or "Morrison") pursuant to 18 U.S.C. § 3005.

BACKGROUND

On July 11, 2006, a grand jury returned a second superseding indictment against defendant. Included within that accusatory instrument are two death penalty eligible counts.

In an Order and Memorandum issued on July 21, 2006, I directed, inter alia, that the parties appear before Magistrate Judge A. Kathleen Tomlinson for a status conference on July 26th to address certain issues, including whether defendant was requesting the appointment of counsel pursuant to § 3005. That section provides in pertinent part:

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases, and who shall have free access to the accused at all reasonable hours.

18 U.S.C. § 3005.

Judge Tomlinson filed a twenty-six page Report and Recommendation on August 4, 2006, detailing what transpired during the status conference of July 26th. Among the subjects discussed in that Report, three are particularly germane for purposes of the present Order: (1) defendant has requested appointment of two attorneys pursuant to § 3005; (2) whether defendant is able to pay the legal fees that will be incurred as a result of such appointments; and (3) whether the presently scheduled trial date of September 18, 2006 is realistic. Items (2) and (3) will be discussed seriatim.[1]

---

[1] Item (1) is largely self-explanatory. However, certain aspects of defendant's request for the appointment of § 3005

## DEFENDANT'S ABILITY TO PAY FEES AND RELATED COSTS OF § 3005 COUNSEL

### 1. Defendant's Financial Condition Absent Restraining Order

Defendant is a wealthy man. During a bail hearing before Judge Tomlinson in May of this year, he reported worldwide assets under his control in excess of $56,000,000.

### 2. Effect of Restraining Order on Defendant's Ability to Compensate § 3005 Counsel

#### (a) Nature of Dispute Before Judge Tomlinson and Her Recommendation

On July 11, 2006, i.e., the same date the second superseding indictment was filed, I signed an Ex Parte Post-Indictment Restraining Order. The government argued before Judge Tomlinson that the Restraining Order only covered approximately $30,000,000 of defendant's admitted $56,000,000 of available funds, while the defense took the position that essentially all of defendant's assets were frozen and thus unavailable to compensate § 3005 counsel. Magistrate Judge Tomlinson, in her carefully crafted Report and Recommendation, noted that defendant's business continues to operate, having generated for the period "from January 2006 to June 2006, . . . gross deposits of $35,661,309.81." (Judge Tomlinson's Report and Recommendation of August 4, 2006 ("Report and Recommendation") at 23.) In addition to the anticipated revenue stream from that source,

---

counsel will be discussed in the text infra.

Judge Tomlinson found that other assets were available to defendant for purposes of paying both retained and appointed counsel, including "Peace Pipe Smoke Shop's inventory, furniture and fixtures [having a] total value of approximately $1.2 million." (Id.) Based on the foregoing, Judge Tomlinson concluded that the unrestrained funds available to defendant were more than adequate to pay the costs associated with the appointment of counsel under § 3005 and, accordingly, she recommends that he be required to do so.

(b) <u>August 8, 2006 Letter From Defense Counsel</u>

By letter dated August 8, 2006, Peter S. Smith, Esq., one of defendant's retained counsel, "respon[ded to Judge Tomlinson's] August 4, 2006 Report and Recommendation" thusly:

> The defense does not contest or take issue with your findings other than to point out that the Smoke Shop Inventory changes on a daily basis and the furniture and fixtures are necessary in order to keep the business running. The Porsche Cayenne valued at $55,375 is a leased vehicle with no equity.
>
> Mr. Morrison will not be retaining attorney Barry Boss or any other learned counsel. Therefore Mr. Morrison requests the appointment of a learned counsel and a second trial counsel with experience in homicide cases.
>
> I respectfully ask the Court to provide the defendant with a short list of attorneys eligible for learned counsel together with a second short list of attorneys eligible as second trial counsel. The lists will enable Mr. Morrison to promptly make his selection(s), eliminating potential conflicts

> in advance.
>
> It is my understanding that Kevin Keating is on the learned counsel list. If he is available, he would be satisfactory to the defense.

3. <u>Conclusion re Payment for § 3005 Counsel</u>

By not significantly contesting Judge Tomlinson's findings, defendant concedes that he currently has, notwithstanding the restraining order, control over sufficient assets to pay § 3005 counsel. However, Judge Tomlinson's concomitant conclusion that he should be required to do so is arguably a recommendation, not a finding. Thus the question arises whether defendant, via his August 8th letter, is drawing that distinction and not agreeing to assume the payment obligation. But given (1) that defendant has not made that argument, (2) that his only voiced objection to paying § 3005 counsel was based on his now abandoned financial inability argument, and (3) my review of the portion of Judge Tomlinson's excellent Report and Recommendation that bears on the subject, I hereby direct that defendant shall be responsible for the fees and costs associated by my assignment of § 3005 counsel to his case. As explained <u>infra</u>, that assignment will not be limited solely to one attorney "learned in the law applicable to capital cases," but also, as requested by the defense, to second counsel as well. 18 U.S.C. § 3005.

## APPOINTMENT OF SECOND COUNSEL

While § 3005 seemingly calls for the assignment of second counsel, I recognize that such an appointment may not be necessary in those instances where the defense has assembled a formidable defense team. Thus, in <u>United States v. Massino</u>, 302 F. Supp. 2d 1 (E.D.N.Y. 2003), Judge Garaufis of this Court declined to appoint "a second attorney for Massino pursuant to 18 U.S.C. § 3005 because he has retained three private attorneys who are working closely with his current appointed learned counsel." <u>Id.</u> at 2 n.1. Here, however, defendant's current retained counsel, although relatively well-credentialed to handle most state court criminal matters, have, unlike their counterparts in <u>Massino</u>, virtually no experience in homicide or federal court cases, much less capital cases. (<u>See</u> Report and Recommendation at 8-12.) Under the circumstances, second counsel shall be appointed.

## ATTORNEYS APPOINTED

After conferring with, and considering the recommendations of Peter Kirchheimer, Esq., and Andrew Carter, Esq., both of the Eastern District's Federal Defender Division: (1) Colleen Quinn Brady, Esq., who maintains her office at 99 Hudson Street, 8th Floor, New York, New York 10013 (telephone number 212-431-1354), is appointed as learned counsel with experience in capital cases; (2) Kevin Keating, Esq., 666 Old

Country Road, Suite 501, Garden City, New York 11530 (telephone number 516-222-1099), is appointed as second counsel.[2]

Both attorneys are directed to initiate contact with Mr. Smith within three business days following receipt of this order.

## FEES AND RELATED COSTS OF § 3005 COUNSEL

Ms. Brady and Mr. Keating will prepare and submit their individual statements for services rendered and costs incurred in precisely the same manner as they would if, contrary to the fact, Mr. Morrison was indigent (e.g., the same fees shall be charged). The statements shall be forwarded to Mr. Morrison's designee, who, unless Mr. Morrison directs otherwise on or before August 25, 2006, will be Mr. Smith.

Mr. Morrison shall pay the amounts reflected in such statements promptly and, in no event, more than fifteen days after their receipt by his designee. Payments shall be made directly to appointed counsel, with copies of the accompanying covering letter to be sent to me. Should some type of dispute

---

[2] I am aware of Mr. Smith's request that he be furnished with a list of potential § 3005 appointees prior to the actual selections being made. Under the current circumstances of this case, that request is certainly reasonable, although not required by the statute or case law. However, the Court contacted the Defender's Office and Ms. Brady some time ago when the procedural posture of the case was different. In the unlikely event that the defendant believes Ms. Brady has a conflict, let me know immediately so replacement may be selected. Parenthetically, Mr. Smith's input was one of the factors considered in the appointment of Mr. Keating as second counsel.

arise about one or more of the statements for services rendered by appointed counsel, which the attorneys are unable to expeditiously resolve between or among themselves, the Court is to be notified promptly in which case it shall be my responsibility to resolve the dispute.

### EFFECT ON TRIAL DATE

In this Court's Order of July 21, 2006, the trial date was scheduled for September 18, 2006. Thereafter, to wit on July 26, 2006, the defense asked for the appointment of counsel under § 3005. As detailed by Judge Garaufis in his instructive opinion in <u>Massino</u>, the procedure in a capital case is complicated and multi-faceted. That process, which includes the right of defendant to provide input to the United States Attorney and ultimately, to the Attorney General as to whether the government will seek the death penalty, takes time. Be that as it may, however, Mr. Smith advised Judge Tomlinson on July 26th that the defense will be ready to proceed to trial on September 18, 2006 and the government indicated on the same date that it does not intend to seek an adjournment.[3] Accordingly, that date will be left as is, awaiting input from appointed counsel; of course, this Court reserves whatever discretion it may have to later adjust that date should I believe interest of justice so

---

[3] Both parties told Judge Tomlinson, however, that they recognize that appointed counsel may well take a different view.

dictates.  But, as of now, the September 18, 2006 date stands consistent with retained counsels' current position.[4]

**SO ORDERED.**

Dated: Central Islip, New York
       August 14, 2006

                                    _/s/_____
                                    DENIS R. HURLEY, U.S.D.J.

---

[4] Counsel are reminded of the September 6, 2006 hearing date should one prove necessary.  <u>See</u> July 21, 2006 Memorandum and Order of this Court at 26.