UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA,

                                          MEMORANDUM AND ORDER

      -against-                        04-CR-699 (DRH)(S-2)

RODNEY ARNOLDO MORRISON,

              Defendant.
---------------------------------------------------X
A P P E A R A N C E S:

For the Government:
       Roslynn R. Mauskopf
       United States Attorney
       Eastern District of New York
       One Pierrepont Plaza
       Brooklyn, New York  11201
         By: James M. Miskiewicz, A.U.S.A.
            Richard Thomas Lunger, Jr., A.U.S.A

For Defendant:
       Law Offices of Peter Smith & Associates
       232 East Main Street
       Huntington, New York 11743
         By: Peter Smith, Esq.

       Thomas P. Cleere, Esq.
       3075 Veterans Memorial Hwy.
       Suite 200
       Ronkonkoma, New York 11779

       Colleen Quinn Brady, Esq.
       99 Hudson Street - 8th Floor
       New York, New York 10013

       Kevin J. Keating, Esq.
       666 Old Country Road
       Garden City, New York 11530

       Daniel Nobel, Esq.
       401 Broadway - 25th Floor
       New York, New York 10013

**HURLEY, District Judge:**

By Notice of Motion dated June 26, 2006, defendant moves for "Dismissal Based Upon Speedy Trial Violation(s)." For the reasons that follow, defendant's motion is denied.

## DISCUSSION

Under the Speedy Trial Act, a defendant must be tried within 70 days from the date of indictment or the defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act also provides for the exemption of certain periods of time from the computation of the 70-day period. *Id.* § 3161(h).

Defendant initially moved to dismiss counts one through three of the original indictment, filed August 3, 2004 (the "arson counts"), and all five counts in the first superseding indictment, filed August 31, 2004, which include the arson counts and add counts four and five (the "firearm counts"), on the ground that over 70 days had passed since defendant's arraignments on these counts, without him being tried, in violation of the Speedy Trial Act. (*See* Letter by Peter S. Smith, dated Aug. 2, 2006, at 2-3.)

Subsequent to the filing of defendant's motion, the government filed a second superseding indictment on July 11, 2006. Although defendant's original motion targeted the counts in the original and first superseding indictments, defendant's subsequent submission correctly points out that "the counts in a superseding indictment inherit the clock of the original, so that any violation of the original is imputed to it, and consequently *it is the counts contained in the later indictment that must be dismissed*." (Letter by Peter S. Smith, dated Aug. 17, 2006, at 2 (emphasis added) (citing *U.S. v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995).) A review of all of the indictments reveals that the arson counts correspond to counts four, six, and seven of the second superseding indictment and the firearm counts correspond to counts eight and nine of the

second superseding indictment. Accordingly, the Court's speedy trial analysis will focus on these counts only.[1]

Both sides agree that the second superseding indictment inherits the clock of the indictments in which these counts were originally charged, viz. the August 3, 2004 indictment for the arson counts, and the August 31, 2004 superseding indictment for the firearm counts, complete with exclusions. *See United States v. Kelly*, 45 F.3d 45, 48 (2d Cir. 1995); *see also Gambino*, 59 F.3d at 362; *U.S. v. Roman*, 822 F.2d 261, 263-65 (2d Cir. 1987). The Court discusses these counts seriatim.

## I.    The Arson Counts

### A.    *The Government's Calculations*

The government contends that to date, only 62 days have been utilized for purposes of the Speedy Trial Act and that, therefore, no violation of the Act has occurred. In reaching this conclusion, the government starts its speedy trial clock computations on August 4, 2004, the date defendant was arraigned. 18 U.S.C. § 3161(c)(1). The government contends, and

---

[1] In defendant's August 17, 2006 letter, counsel, for the first time, asserts that counts three through nine of the second superseding indictment should be dismissed based upon a Speedy Trial Act violation. Defendant fails to explain, however, why counts three and five should be subject to dismissal as they were not charged in either the original or the first superseding indictments. Should defendant, nonetheless, wish to move against these two counts as well, he may file a separate motion outlining the basis for such relief. In this regard, the Court notes that it is dismayed that counsel first raised this issue (1) in a letter filed weeks after the motion to dismiss the arson and firearm counts had been fully briefed by the parties and (2) in a letter pertaining to defendant's motion for reconsideration of this Court's denial of bail, a separate application with its own Court-ordered briefing schedule. This is just one example of how defendant has continually circumvented court rules by serially filing papers, without court permission, and raising issues for the first time in replies and unauthorized sur-replies. Counsel is hereby warned that any further failure to comply with court rules will not be countenanced

defendant does not dispute, that the clock ran until September 1, 2004, when defendant filed a bail application. Because this application was denied on September 3, 2004, both parties concede that the three-day period from September 1, 2004 to September 3, 2004 is excludable. *Id.* § 3161(h)(1)(F).

The clock then ran until September 22, 2004, when the Court entered an order of excludable delay through October 29, 2004, pursuant to a finding of complexity under 18 U.S.C. § 3161(h)(8). Thus, both sides agree that the period from September 22, 2004 through October 29, 2004 is excludable. Although the case was scheduled for a status conference on October 29, 2004, the conference did not occur until November 12, 2004. Thus, defendant contends, and the government concedes, that the period of time from October 29th to November 12th is excludable. Although both sides refer to this period as comprising fourteen days, in fact, when October 29th is excluded (*see* Sept. 22, 2004 Tr. at 5 ("[T]he speedy trial waiver would run through that October 29th date."), and November 12th is excluded (*see* Nov. 12, 2004 Tr. at 4 ("[T]here will be a stoppage between now and that Janaury 7th date."), the amount of the toll totals thirteen days.

Thus, according to the government's calculation, with which defendant agrees, as of November 12, 2004, the total number of nonexcludable days for the arson counts was 58 days, after subtracting the one day discussed above. The Court, however, makes one slight correction to this computation. Although defendant entered a plea of not guilty before Magistrate Judge James Orenstein on August 4, 2004, thus triggering the speedy trial clock, *see* 18 U.S.C. § 3161(c)(1), "the day *after* the triggering event is the first day to be counted." *U.S. v. Nixon*, 779 F.2d 126, 130 (2d Cir. 1985) (emphasis added) (citing *U.S. v. Simmons*, 763 F.2d 529, 530 n.1 (2d Cir. 1985)). Thus, the speedy trial clock for the arson counts began on August 5, 2004, and not

on August 4, 2004 as the government contends. This results in an additional one-day toll of the speedy trial clock, or the subtraction of one day from the government's speedy trial clock computation.

Thus, subtracting one day from the government's 58-day figure, as of November 12, 2004, the total number of nonexcludable days for the arson counts is 57 days.[2]

The government contends that the only other period of nonexcludable delay is the three-day period from April 28, 2006 through May 2, 2006. Defendant does not dispute that this three-day period is chargeable to the government. Thus, according to the government's calculation, as modified by the Court *supra*, only 60 days have been utilized for purposes of the Speedy Trial Act and, therefore, no violation of the Act has occurred.

### B. Defendant's Arguments

Defendant asserts that there are several additional periods of delay chargeable to the government, which when added to the above calculation, brings the total number of days well beyond the 70-day statutory requirement. The Court will discuss them in turn.

#### 1. *January 18, 2005 - January 28, 2005*

First, defendant asserts that the period from January 18, 2005 through January 28, 2005 should be charged to the government. The Court agrees.

---

[2] Although not explicitly stated, the government's calculations presumably account for the fact that August 31, 2004, the date the superseding indictment was filed, is also excludable. *See Kelly*, 45 F.3d 48 ("We therefore conclude in this case that both June 30th, the date of the filing of the second superseding indictment, and July 1st, the date of Kelly's arraignment thereon, are excludable from the speedy trial computation."); *see also Polanco v. U.S.*, No. 99 Civ. 5739, 2000 WL 1072303, at *8 n.4 (S.D.N.Y. Aug. 3, 2000) (tolling clock between date of filing of superseding indictment and defendant's arraignment thereon).

The Court entered an order of excludable delay for the period November 12, 2004 through January 7, 2005 pursuant to its prior designation of the case as complex and due to the parties' plea negotiations. In addition, defendant was placed in quarantine at the Metropolitan Detention Center for medical reasons from January 5, 2005 until January 18, 2005. Defendant agrees with the government that this time period is excluded. Finally, an order of excludable delay was entered by the Court for the period January 28, 2005 through April 8, 2005, based on the parties' representations that they were continuing to engage in plea negotiations and the case's complex designation.

Defendant points out, however, that the period of time from January 18, 2005 through January 28, 2005 was not covered by any exclusions.[3] The government argues that this period is excludable because defendant made a discovery motion on January 7, 2005, which was not terminated by the Court until January 20, 2006. (*See* Gov't's Mem. in Opp'n at 5-6; *see also* 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from any pretrial motion).) A review of defendant's January 7, 2005 letter, however, reveals that it was not a motion filed with the Court; rather, it was a letter written by defendant's then-counsel to the government attempting to resolve the parties' discovery disputes "in lieu of a formal discovery motion." (Jan. 7, 2005 Letter by Henry E. Mazurek, Esq. to Wayne Baker, A.U.S.A.). Moreover, the government never filed any

---

[3] Defendant refers to this period as comprising ten days. However, defendant concedes that the medical isolation was in effect "until January 18, 2005." (Letter by Peter S. Smith, dated Aug. 2, 2006, at 3.) Presumably, this means that the isolation extended through to that date. In addition, the Court entered an order of excludable delay *from January 28, 2005* to April 8, 2005. Thus, when January 18th and January 28th are excluded from the computation, this period amounts to nine days.

6

opposition papers and the court never issued any rulings relating thereto.[4] Under these circumstances, the Court concludes that, contrary to the government's assertion, defendant's January 7, 2005 letter did not toll the speedy trial clock. *See United States v. Mentz*, 840 F.2d 315, 329 (6th Cir. 1988) (finding that defendant's Rule 16 motion for discovery did not toll speedy trial clock where there was no judicial action taken on motion); *see also U.S. v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (finding that an informal request for relief may be considered a motion for speedy trial purposes only "if it is the functional equivalent of a 'motion'").

> The government also tries to explain this delay by asserting:
>
> Given the government's readiness to proceed at the scheduled conference date [January 7, 2005], any delay not covered by the Court's previous order [Order of November 12, 2004] must be chargeable to the defendant pursuant to 18 U.S.C. §3161(h)(3)(A) ("Any period of delay resulting from the absence or unavailability of the defendant" shall be excluded under the Speedy Trial Act).

(Gov't's Mem. in Opp'n at 6.) There is nothing in the record to support this contention. Accordingly, the Court finds that the 9-day period from January 18, 2005 to January 28, 2005 is nonexcludable. Adding these 9 days to the 60 days already computed, we are left with a period of delay of 69 days.

---

[4] The government points out that defendant's January 7, 2005 letter was docketed as a "Letter MOTION" (*see* Docket Entry 33), which was terminated by the Court on January 20, 2006. (*See id.* unnumbered entry after entry 55.) Nonetheless, there is nothing in this letter which suggests that defendant is seeking judicial intervention and the January 20, 2006 transcript reveals that no rulings were made that day related thereto. *See United States v. Mentz*, 840 F.2d 315, 329 (6th Cir. 1988) ("We are not persuaded by this [docket] entry, however, because it does not show judicial action."). In fact, there is nothing in the docket sheet to indicate that the Court ever ruled on these issues. *See id.* ("Because the district court never held a hearing or ruled on the motion, and there is no other indication that the motion was 'actually under advisement,' the motion did not trigger the statutory exclusions for delay occasioned by the filing of a pretrial motion.") (citing 18 U.S.C. § 3161(h)(1)(F) & (J)).

> ## *2.  May 6, 2005 – May 19, 2005*

Defendant contends that the period from May 6, 2005 through May 19, 2005 should be chargeable to the government.  On April 8, 2005, the parties appeared before me for a status conference.  Defense counsel notified the Court that due to irreconcilable differences between himself and defendant, defendant was seeking "substitution of counsel."  (Apr. 8, 2005 Tr. at 2.)  Because defendant had not yet secured a new attorney, I indicated that present counsel would not be relieved until new counsel was retained.  (*Id.* at 3.)  I chose an arbitrary date, to wit, May 6, 2006, to keep the case on track, and noted that as soon as new counsel filed a notice of appearance, I would schedule a status conference (*id.* at 3, 5), and "cancel the May 6 date."  (*Id.* at 5.)  I then stated:

> What I'll do is under the circumstances I think between now and the next time we meet, which I'll put it down for May 6, although I anticipate it will be earlier, there will be a stoppage of the speedy trial clock.
>
> The reason is that this case has been designated complex.  The speedy trial clock will stop between now and the next time the case is scheduled to be on the calendar; i.e., May 6.

(*Id.* at 6.)  Defendant's new attorney entered a notice of appearance on May 11, 2005, and the parties next appeared before the Court on May 19, 2005.

The government contends that based on a reading of the transcript, the order of excludable delay ran until May 19th because "the Court ordered a stoppage of the speedy trial clock until the next time the case was to be scheduled on the court's calendar," i.e. May 19, 2005. (Gov't's Mem. in Opp'n at 6-7.)  Defendant counters that the Order of Excludable Delay signed by the Court later that day indicates that the period of April 8th through May 6th would be excluded.  (*See* Apr. 8, 2005 Order.)

9

There is no question that the Court's statements on the record are ambiguous. Given that defendant needed time to secure new counsel, the Court set an arbitrary control date, i.e. May 6th, to afford defendant the opportunity to do so. In so doing, it was clearly my intention to stop the clock until the parties' next status conference, when defendant's new counsel could appear. (*Id.* at 5-6.) In this regard, it is clear from the record that the Court expected that the May 6th date would change (*see id.* at 5 ("We're [the Court] anticipating you won't appear on [May 6].")), which is ultimately what occurred and, to which, defendant raised no objections. Because new counsel did not file a notice of appearance until May 11th, the case was not placed on the calendar until May 19th.

Nonetheless, after the parties appeared before me on April 8th, I later signed an order indicating that the exclusion would run through May 6th. Given the conflict between the order issued on the record, and the Court's subsequent written order supposedly memorializing what had transpired, the Court finds that this ambiguity must be resolved by viewing these orders in the undisputed context in which they were issued. After doing so, I conclude that the period from May 6, 2005 through May 19, 2005 is excludable, as that result reflects the Court's intention at the time the exclusion was issued. *See U.S. v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005) (noting that "where an order or judgment is unclear, a court retains inherent authority to interpret ambiguities" and "in doing so may resort to the record upon which the [order or] judgment was based."); *see also Zedner v. U.S.*, 126 S. Ct. 1976, 1989 (2006) (noting that although the Speedy Trial Act is ambiguous as to when findings supporting an ends-of-justice continuance must be set forth, "the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance" and that "those findings must be put on the record by the time a district court

rules on a defendant's motion to dismiss under § 3162(a)(2)"). Accordingly, I reject defendant's claim that this period of time is chargeable to the government.

### 3. *June 23, 2006– June 26, 2006*

Defendant contends that the 3-day period from June 23, 2006 through June 26, 2006 should be charged to the government because an order of excludable delay was in effect between May 8, 2006 and June 23, 2006; the Court directed defendant to file his motion to dismiss the indictment on June 26, 2006; and defendant did in fact file his motion on June 26th. (July 13, 2006 Thomas P. Cleere Letter at 2.) Defendant's contention ignores the fact that on June 1, 2006, he filed a motion for reconsideration requesting that this Court reverse Magistrate Judge Tomlinson's denial of bail, which motion was still under consideration by this Court during this 3-day period. Thus, given the pendency of the bail application, this 3-day period is excluded from the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(F).

### 4. *Conclusion as to Arson Counts*

In sum, the Court finds that 69 non-excludable days have elapsed since defendant was indicted on these charges and that, therefore, there has been no violation of the Speedy Trial Act. Accordingly, defendant's motion to dismiss the arson counts is denied.

## II. *The Firearm Counts*

Defendant was arraigned on the superseding indictment on September 2, 2004. Thus, the speedy trial clock on the firearm counts began to run the following day, viz. September 3, 2004. *See* 18 U.S.C. § 3161(c)(1); *Nixon*, 779 F.2d at 130. However, as noted above, defendant's bail application was pending through September 3, 2004 so that day is excluded from the speedy trial computation. *See* 18 U.S.C. § 3161(h)(1)(F). Thus, the Court will begin

11

calculating the 70-day period from September 4, 2004.

Given the exclusions discussed above, as of November 12, 2004, 31 days would have passed under the Speedy Trial Act. Adding the 3-day period from April 28, 2005 through May 2, 2006, which as discussed above, the parties agree is chargeable to the government, the total period of unexcludable delay for the firearms counts would be 34 days. Adding the 9 days discussed above to the 34-day figure, 43 days have elapsed thus far. Accordingly, defendant's motion to dismiss the firearms counts is denied.

### III.    *Final Observations*

In making its determination, the Court limited its review to the arguments advanced by the parties. In some instances, the parties' positions were not as clear as they could have been. Therefore, given the importance of this matter, if either party believes that the Court has misconstrued their positions and would like the opportunity to provide the Court with further information in that regard, such applications will be entertained. However, the attorneys must carefully delineate both their positions and the law in support thereof.[5]

---

[5] As an aside, the Court notes that should supplemental briefing demonstrate that either the arson or firearm counts should be dismissed, and should the Court further decide to do so without prejudice, the government would not be barred from re-presenting these counts in a further superseding indictment pursuant to 18 U.S.C. § 3288, which provides that a new indictment may be returned within six months of the date of the dismissal. Although defendant claims that this statute only permits a six-month extension if the dismissal was based on technical defects or irregularity in the grand jury, (*see* Aug. 2, 2006 Letter by Peter S. Smith, at 18), defendant's citations are no longer good law as they are based on an older version of the statute that has since been replaced. For whatever reason, defendant failed to bring this change to the Court's attention. Under the current version of section 3288, there are no limitations on the government's ability to reindict. *See* 18 U.S.C. § 3288 ("Whenever an indictment or information charging a felony is dismissed *for any reason* after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned . . . within six calendar months of the date of the dismissal.") (emphasis added); *see also U.S. v. Shipsey*, 363 F.3d 962 (9th Cir. 2004) (discussing new statute). Accordingly, the government would have six

Consistent with the above, should defendant wish to submit further papers, he shall serve and file them on or before August 29, 2006; the government shall serve and file its opposition papers on or before September 1, 2006. Should defendant elect to file a reply, he shall do so by September 6, 2006.

## CONCLUSION

For all of the above reasons, defendant's motion to dismiss counts three through nine of the second superseding indictment is denied.

**SO ORDERED.**

Dated: August 25, 2006
      Central Islip, New York         /s_____
                                            Denis R. Hurley,
                                            United States District Judge

---

months from the date of any dismissal order to reindict defendant. *See U.S. v. Giambrone*, 920 F.2d 176, 179 (2d Cir. 1990) ("[W]hen the indictment is dismissed on motion of the defendant and there is a reprosecution, the 70-day period provided by § 3161(c) begins anew.").