UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                      MEMORANDUM AND ORDER
    -against-                           04-CR-699 (DRH)(S-2)

RODNEY ARNOLDO MORRISON,

               Defendant.
----------------------------------------------------X

A P P E A R A N C E S:

For the Government:
    Roslynn R. Mauskopf
    United States Attorney
    Eastern District of New York
    One Pierrepont Plaza
    Brooklyn, New York  11201
      By: James M. Miskiewicz, A.U.S.A.
         Richard Thomas Lunger, Jr., A.U.S.A

For Defendant:
    Law Offices of Peter Smith & Associates
    232 East Main Street
    Huntington, New York 11743
      By: Peter Smith, Esq.

    Thomas P. Cleere, Esq.
    3075 Veterans Memorial Hwy.
    Suite 200
    Ronkonkoma, New York 11779

    Colleen Quinn Brady, Esq.
    99 Hudson Street - 8th Floor
    New York, New York 10013

    Daniel Nobel, Esq.
    401 Broadway - 25th Floor
    New York, New York 10013

**HURLEY, District Judge:**

        By Memorandum and Order dated August 25, 2006, the Court denied defendant's

motion to dismiss counts three through nine of the second superseding indictment based upon an alleged violation of the Speedy Trial Act. The Court further stated that "if either party believes that the Court has misconstrued their positions and would like the opportunity to provide the Court with further information in that regard, such applications will be entertained." (Aug. 25, 2006 Memorandum and Order at 11.) Consistent with that directive, defendant now argues that the Court erred in finding that the 3-day period from June 23, 2006 to June 26, 2006 is excluded from the speedy trial clock.

In its August 25, 2006 decision, the Court stated as follows:

> Defendant contends that the 3-day period from June 23, 2006 through June 26, 2006 should be charged to the government because an order of excludable delay was in effect between May 8, 2006 and June 23, 2006; the Court directed defendant to file his motion to dismiss the indictment on June 26, 2006; and defendant did in fact file his motion on June 26th. (July 13, 2006 Thomas P. Cleere Letter at 2.) Defendant's contention ignores the fact that on June 1, 2006, he filed a motion for reconsideration requesting that this Court reverse Magistrate Judge Tomlinson's denial of bail, which motion was still under consideration by this Court during this 3-day period. Thus, given the pendency of the bail application, this 3-day period is excluded from the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(F).

(*Id.* at 10.)

Defendant now argues that this 3-day period should not be excluded based upon comments I made at a status conference held on June 23, 2006. At this conference, the government made an application to toll the speedy trial clock based on alleged ongoing plea negotiations. (*See* June 23, 2006 Tr. at 10-11.) After the defendant denied that such negotiations were ongoing, the government requested that the clock be tolled based on the case's alleged complex designation. (*Id.* at 14.) I then asked the government why it claimed this case was

2

complex, at which point the government withdrew its application. (*Id.* at 14-15.) The government further noted "I think the government has to assume the time under the speedy trial clock starts ticking as of today and I will leave it at that." (*Id.* at 15.) The Court responded: "For whatever it means as of this point, the speedy trial clock is not stopped." (*Id.*) Neither the attorneys, nor the Court, mentioned defendant's then-pending motion for reconsideration of Magistrate Judge Tomlinson's denial of bail.

Defendant argues that even if the government's statement on the record that the clock was ticking "proves to be incorrect," the Court's statement that the clock was not stopped was "not ambiguous and judicial estoppel precludes a contrary decision." (Aug. 28, 2006 Letter of Peter S. Smith, at 2.) Alternatively, in his reply papers, defendant contends, for the first time, that his June 1, 2006 "request for review of Magistrate Judge Tomlinson's denial of bail was not a pre-trial motion because it could not affect the outcome of the case." (Sept. 8, 2006 Letter of Peter S. Smith, at 1.)

With regard to defendant's first argument, section 3161(h)(1)(F) provides that a "period[] of delay *shall* be excluded in computing the time within which" a trial must commence upon the filing of "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F) (emphasis added). As the government correctly points out, unlike the "ends of justice" exclusion provided in section 3161(h)(8), the use of the word "shall" clearly makes an exclusion under section 3161(h)(1)(F) mandatory. *See United States v. Hammad*, 902 F.2d 1062, 1064 (2d Cir. 1990) (noting that section 3161(h)(1)(F) provides for the "*automatic* exclusion of periods of 'delay resulting from any pretrial motion'") (quoting 18 U.S.C. § 3161(h)(1)(F) (emphasis

3

added)).

It is undisputed that at the time of the June 23rd conference, defendant's motion for reconsideration of Magistrate Judge Tomlinson's denial of bail was pending, and that it remained pending through June 26, 2006. Thus, assuming for the moment that defendant's June 1 motion constituted a "pretrial motion" pursuant to section 3161(h)(1)(F), discussed *infra*, the filing of this motion automatically tolled the speedy trial clock. Any oral statements I made on the record to the contrary cannot alter this result. Accordingly, the Court finds defendant's first argument to be without merit.

Next, defendant argues that its June 1 motion did not constitute a "pretrial motion" for purposes of section 3161(h)(1)(F). In support of this argument, defendant cites *Henderson v. United States*, 476 U.S. 321 (1986) for the proposition that because defendant's "June 1 request for review could not effect the disposition of the case, the time was not excludable." (Sept. 8, 2006 Letter of Peter S. Smith, at 1.) Defendant's interpretation of *Henderson* is erroneous.

In *Henderson*, the Court stated:

> On January 25, 1982, the Government filed a motion to set the case for trial, noticed for February 3. We need not decide whether this time is excludable under subsection (F) as it does not affect the disposition of this case.

*Id.* at 332. There is nothing in *Henderson* to indicate that in making this observation, the Court meant to imply that a pretrial motion will not toll the speedy trial clock under section 3161(h)(8) if it "does not affect the disposition of [the] case." Rather, the Court was simply indicating that, in that case, it did not need to analyze whether the period of time from January 25th to February

3rd was excluded because either way, the Speedy Trial Act was not violated *Id.* at 332 and n.11. In other words, whether or not these days were tolled had no affect on the outcome of *defendant's speedy trial motion*, not the outcome of the case as a whole.

Defendant also cites *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 375 (2d Cir. 1979) and *United States v. Didier*, 542 F.2d 1182, 1188 (2d Cir. 1976). In these cases, the Second Circuit found that the delay attributable to defendant's motion to dismiss the indictment on speedy trial grounds did not toll the clock because to do so "would improperly penalize defendants for their invocation of speedy trial rules and run counter to the purposes of those rules." *Didier*, 542 F.2d at 1188. This conclusion has no bearing whatsoever on whether defendant's motion regarding his bail application may be excluded.

The Court's own research has revealed three decisions which have concluded that motions relating to pretrial detention are "pretrial motion[s]" under section 3161(h)(1)(F). *See United States v. Rodriguez*, 63 F.3d 1159, 1164 (1st Cir. 1995) (finding that bail motion which did not receive hearing, nor apparently, express ruling, resulted in at least 30 days of excludable delay); *Government of the Virgin Islands v. Duberry*, 923 F.2d 317, 323 (3d Cir. 1991) (finding that defendant's motion for release from custody was a "pretrial motion" under section 3161(h)(1)(F)); *United States v. Oberoi*, 295 F. Supp. 2d 286, 290 (W.D.N.Y. 2003) (excluding period of time resulting from the filing of defendant's bail revocation motions under section 3161(h)(1)(F)); *see also United States v. Cobb*, 697 F.2d 38, 42 (2d Cir. 1982) ("Congress could have attacked the many problems raised by the different varieties of pretrial motions and given separate consideration to them. Wisely, it avoided such a morass and extended the exclusion to 'any pretrial motion,' without distinguishing among them."), *overruled on other grounds by*

5

*Henderson*, 476 U.S. at 330-31. In light of these cases, as well as the broad interpretation given the term "pretrial motion" by the courts, the Court finds that defendant's June 1 motion seeking reconsideration of Magistrate Judge Tomlinson's denial of bail was a "pretrial motion" under section 3161(h)(1)(F); therefore, the 3-day period from June 23, 2006 to June 26, 2006 was properly excluded by the Court in its initial decision.

## CONCLUSION

For all of the above reasons, defendant's motion for reconsideration of the Court's August 25, 2006 Memorandum and Order is denied.

**SO ORDERED.**

Dated: September 25, 2006
Central Islip, New York

/s_____
Denis R. Hurley,
United States District Judge