```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
UNITED STATES OF AMERICA,
                                        MEMORANDUM AND ORDER
          -against-                     04-CR-699 (DRH)(S-2)


RODNEY ARNOLDO MORRISON,

               Defendant.
----------------------------X
A P P E A R A N C E S:

For the Government:
     Roslynn R. Mauskopf
     United States Attorney
     Eastern District of New York
     One Pierrepont Plaza
     Brooklyn, New York  11201
       By: James M. Miskiewicz, A.U.S.A.
           Richard Thomas Lunger, Jr., A.U.S.A

For Defendant:
     Law Offices of Peter Smith & Associates
     232 East Main Street
     Huntington, New York 11743
       By: Peter Smith, Esq.

     Colleen Quinn Brady, Esq.
     99 Hudson Street - 8th Floor
     New York, New York 10013

     Daniel Nobel, Esq.
     401 Broadway - 25th Floor
     New York, New York 10013

     Law Offices of Richard Ware Levitt
     148 E. 78th Street
     New York, New York 10021
       By: Richard Ware Levitt, Esq.

     William T. Martin & Associates
     32 Court Street
     Suite 707
     Brooklyn, New York 11201
       By: William T. Martin, Esq.

HURLEY, Senior District Judge
```

One of the items of relief sought in the January 3, 2007 Notice of Motion of defendant Rodney Morrison ("Morrison" or "defendant") is an Order "[r]equiring the government to reveal the identities of confidential informants or produce them in open court." (Def.'s Jan. 3, 2007 Not. of Mot. at 4.) For the reasons provided infra, that request is denied.

REQUEST FOR NAMES OF CONFIDENTIAL INFORMANTS

1. Basis for Defendant's Request

In seeking the names of any confidential informants, defendant explains:

> The confidential informants ("CIs") in this case possess information of obvious relevance to the ultimate issue of Mr. Morrison's guilt *vel non*, because, on information and belief, many either were allegedly involved in the charged criminal conduct, or worked at the Peace Pipe with Mr. Morrison and have first-hand knowledge of relevant facts. Under these circumstances, the identities of the CIs as well as their criminal histories should be disclosed.

(Def.'s Mem. in Supp at 23-24.) No further specificity is provided by defendant, such as the basis for his "information and belief" upon which the "alleged[]" need is predicated. Id.

2. Government's Position

The government maintains, correctly in my view, that the "summary assertions made by the defendant fail to meet [the requisite standard for disclosure]." (Gov't's Mem. in Opp'n at 29.)

3. <u>Applicable Law</u>

As explained by the Supreme Court in <u>Roviaro v. United States</u>:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

353 U.S. 53, 59 (1957)(citations deleted). "As has been well said, 'the general disclosure of informants' identities to defense counsel is likely to compromise the fundamental public policy underlying the (informer) privilege.'" <u>In re United States</u>, 565 F.2d 19, 23 (2d Cir. 1977) (quoting Levine, <u>The Use of In Camera Hearings in Ruling on the Informer Privilege</u>, 8 U. Mich. J.L. Reform 151, 171 (1974)).

To overcome the qualified privilege against disclosure, "[t]he defendant bears the burden of showing the need for a disclosure of an informant's identity, and to do so must establish that, absent such disclosure, he will be deprived of his right of a fair trial." <u>United States v. Fields</u>, 113 F.3d 313, 324 (2d Cir. 1997)(citations deleted); <u>see also</u> <u>United States v. Zuluaga</u>, 651 F. Supp. 746, 752 (E.D.N.Y. 1986) and

-3-

cases cited therein. "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden . . . ." See Fields, 113 F.3d at 324. Similarly, "[d]isclosure should not be directed simply to permit a fishing expedition . . . ." In re United States, 565 F.2d at 23. Whether a moving defendant has met his burden involves a "balancing [of] the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62. The circumstances relevant to the balancing process include consideration of "the crime charged, the possible defenses, [and] the possible significance of the informer's testimony . . . ." Id.

Although simply being "a participant in and witness to the crime charged," standing alone, is not sufficient to warrant disclosure, United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988), disclosure is typically ordered "'where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence.'" Id. (quoting United States v. Russotti, 746 F.2d 945, 950 (2d Cir. 1984)).

4. Defendant's Request for Identities of
   Confidential Informants is Denied

A juxtapositioning of the rationale underlying the confidential informant's qualified privilege with the previously noted burden on a movant who seeks to overcome that privilege,

indicates that Morrison's effort falls substantially short of the mark given the purely conclusory nature of his argument. Indeed, to conclude that this, and like cursory efforts, satisfy the disclosure standard would be to essentially eviscerate the privilege.

In sum, the conclusory grounds advanced by Morrison are insufficient to demonstrate the need for disclosure of the identities of the confidential informants.

5. Defendant's Alternate Request That the Confidential Informants "Be Produced in Open Court for Possible Interviews With the Defense"[1] is Denied

This alternate request for an order directing the government "to produce each informant in open court, in order to permit the defense to request an interview with each one" is based on the Second Circuit's decision in Saa, 859 F.2d 1067. (Def.'s Mem. in Supp. at 25.)

In Saa, the government successfully opposed the defendant's request for the identity of the confidential informant on the ground of safety. The Circuit, on appeal, after noting that Saa had shown that the informant's potential testimony would have been material to her defense, explained:

> [i]f the district judge was persuaded by the Government's assertions that [the informant] would be in danger if identified, a middle course could have been considered, such as

---

[1] (Def.'s Mem. in Supp. at 23 (original in upper case).)

> having the Government produce [the informant] for an <u>in camera</u> meeting with defense counsel and the court. Such a middle course might have satisfied the defendants' right personally [under the attendant circumstances] to request an interview with the informant, without jeopardizing the informant's safety. In the absence of any measure such as this, however, as to Esperanza Saa, the district court's failure to order disclosure of [the informant's] identity was error [,albeit harmless error]."

<u>Id.</u> at 1074-75.

Here, the need for such a middle course of action is not present because the government has not raised the issue of the safety of the confidential informants. But beyond that, and more importantly, Morrison's situation is not like Saa's. Instead it is more akin to that of Saa's co-defendants, none of whom made a "showing that [the confidential informant's] potential testimony was material to their defense." <u>Id.</u> at 1073. And as to those defendants, no error was found, harmless or otherwise. <u>Id.</u>; <u>see also</u> <u>United States v. Jimenez</u>, 789 F.2d 167, 170 (2d Cir. 1986).

In sum, Saa, unlike her co-defendants and Morrison, met her burden, thus causing the court to consider the alternative of an in-court appearance by the confidential informant. There is nothing in <u>Saa</u>, or in other decisions cited by defendant to suggest that this alternative to the disclosure of a confidential informant's identity should be ordered absent the requisite initial showing of entitlement as previously explained. Simply

opining, as defendant has, that the informants may have been "involved in the charged criminal conduct" or otherwise "have first-hand knowledge of relevant facts" is insufficient (Def.'s Mem. in Supp. at 23-24), for again, as explained by the Circuit in <u>Saa</u>, "it is not sufficient to [merely] show that the informant was a participant in and witness to the crime charged" to warrant the relief requested. <u>Saa</u>, 859 F.2d at 1073.

## CONCLUSION

For the reasons indicated, defendant's request for pretrial disclosure of the names of the government's confidential informants or, alternatively, for their pretrial appearance in Court, is denied.

SO ORDERED.

Dated: April 5, 2007
     Central Islip, New York

                                               /S/
                          DENIS R. HURLEY, U.S.D.J.