UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
UNITED STATES OF AMERICA,

                                    MEMORANDUM AND ORDER
        -against-                   04-CR-699 (DRH)(S-2)


RODNEY ARNOLDO MORRISON,

                Defendant.
----------------------------X
A P P E A R A N C E S:

For the Government:
     Roslynn R. Mauskopf
     United States Attorney
     Eastern District of New York
     One Pierrepont Plaza
     Brooklyn, New York  11201
       By: James M. Miskiewicz, A.U.S.A.
           Richard Thomas Lunger, Jr., A.U.S.A

For Defendant:
     Law Offices of Peter Smith & Associates
     232 East Main Street
     Huntington, New York 11743
       By: Peter Smith, Esq.

     Colleen Quinn Brady, Esq.
     99 Hudson Street - 8th Floor
     New York, New York 10013

     Daniel Nobel, Esq.
     401 Broadway - 25th Floor
     New York, New York 10013

     Law Offices of Richard Ware Levitt
     148 E. 78th Street
     New York, New York 10021
       By: Richard Ware Levitt, Esq.

     William T. Martin & Associates
     32 Court Street
     Suite 707
     Brooklyn, New York 11201
       By: William T. Martin, Esq.

HURLEY, Senior District Judge

One of the items of relief sought in the January 3, 2007 Notice of Motion of defendant Rodney Morrison ("Morrison" or "defendant") is an Order "[r]equiring the government to provide requested discovery." (Def.'s Jan. 3, 2007 Not. of Mot. ¶ 3.) In his Memorandum of Law in Support, he asks that the government be ordered to furnish the items listed in four numbered paragraphs, designated as paragraphs 1, 2, 3 and 4. (Def.'s Mem. in Supp. at 22-23.)

In response, the government states that such items are either (1) currently not subject to discovery under 18 U.S.C. § 3500, (2) have already been provided to the defense, or (3) are nonexistent. Defendant apparently agrees with the government's position as to his first three discovery requests given that his Reply is limited to a discussion of the fourth which reads:

> [He] additionally requests that the
> government identify and provide copies of any
> documents it intends to introduce during its
> direct case to support Racketeering Acts 4-80
> of Count One (RICO) alleging sale of untaxed
> cigarettes . . . .

(Id. at 23.)

Defendant acknowledges that these items may have already been furnished as part of the "tens of thousands of pages of documents" made available to the defense by the government. (Def.'s Reply at 11.) However, rather than relegating the defendant to a search for "the proverbial needle in the haystack," the Court is asked to order the government to

specifically "identify the documents that are responsive" to the subject request.  (Id.) That request is certainly reasonable.

The government is directed to furnish defendant, by May 4, 2007, with a list of items that it intends to offer as part of its case-in-chief regarding Racketeering Acts 4-80 of Count One (with sufficient detail — both as to content and location — to permit the defense to readily locate those items from the mass of documents already furnished) or, alternatively, prepare such a list with the responsive documents attached thereto.

SO ORDERED.

Dated: April 5, 2007
       Central Islip, New York


_____
DENIS R. HURLEY, U.S.D.J.