**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                                                 **ORDER**
      -against-                                 04-CR-699 (DRH)

RODNEY ARNOLDO MORRISON,

                Defendant.
-----------------------------------------------------X

       Presently before the Court is an ex parte application by the Defendant for So-Ordered subpoenas.

       By Order dated October 10, 2007, this Court directed defendant to submit to the court a letter explaining how each of the approximately 15 trial subpoenas handed to the Court the previous day for "So Ordering" "meets the standard for a trial subpoena in a criminal case. In response, defendant has submitted a letter dated October 15, 2007 with approximately 25 subpoenas for "So Ordering." Defendant generally describes the subpoenas as follows: (1) subpoenas regarding telephone toll records of the Sherwin Henry homicide participants for the period October 1, 2003 through February 28, 2004: (2) subpoenas regarding Nassau County jail tapes of the Sherwin Henry homicide participants; (3) subpoenas regarding Nassau County jail house tapes of individuals who allegedly participated in crimes attributable to Rodney Morrison; (4) subpoenas regarding inmate records for Shawn Morrison at FCI Fort Dix; (5)subpoenas regarding U.S. Post Office shipping agreements with smoke shops on the Poospatuck Indian Reservation; (6) subpoenas regarding police transport of Rodney Morrison; (7) subpoenas

1

regarding police sign-out logs for recording equipment; (8) subpoenas regarding police investigation into the rape of Aiesha Johnson; (9) subpoenas regarding police investigation into the robbery of Monique's Smoke shop; (10) subpoenas regarding the hijacking of a Peace Pipe Smoke Shop truck; (11) subpoenas regarding the robbery of Wynette's Randal's home and (12) subpoena regarding cigarette distributor's sales of untaxed cigarettes sold to cigarette smoke shops on the Poospatuck Reservation.

As this Court has previously held with respect to other subpoenas submitted by the defendant, a subpoena duces tecum, even one returnable at trial, must meet the requirements of specificity, relevance and admissibility to ensure that the subpoena is not being used as a discovery device. *See, e.g., United States v. Marchisio,* 344 F.2d 653, 669 (2d Cir. 1965) ("Unlike the rule in civil actions, a subpoena duces tecum in a criminal case is not intended for the purpose of discovery, the document sought must at that time meet the tests of relevancy and admissibility.") Defendant has not met these requirements.

For example, the subpoena directed to the New York State Department of Taxation and Finance suffers from the same overbreath that caused this Court to modify the subpoena served on Mauro Pennissi Inc.

In addition, Defendant has made no attempt to show that each of the documents he seeks will be admissible at trial. "While some of the requested documents may indeed be admissible under the Federal Rules of Evidence, it is not the court's responsibility to propose and evaluate grounds of admissibility for each document at issue. Defendant . . . must show the admissibility of the documents that he is requesting." *U.S. v. Ashley*, 162 F.R.D. 265, 267-68 (E.D.N.Y. 1995).

The application is denied.  **SO ORDERED**

Dated: Central Islip, N.Y.
       October 22, 2007

                                    /s/
                                    Denis R. Hurley,
                                    Senior United States District Judge