UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
UNITED STATES OF AMERICA,

                                                         MEMORANDUM AND ORDER

        -against-                                  04-CR-699 (DRH)(S-2)

RODNEY ARNOLDO MORRISON,

              Defendant.
--------------------------------------------------X
A P P E A R A N C E S:

For the Government:
      Benton J. Campbell
      United States Attorney
      Eastern District of New York
      One Pierrepont Plaza
      Brooklyn, New York 11201
        By: James M. Miskiewicz, A.U.S.A.

For Defendant:
      William H. Murphy, Jr. & Associates
      12 West Madison Street
      Baltimore, MD 21201
        By: William H. Murphy, Jr.

      Anthony A. Capetola, Esq.
      2C Hillside Avenue
      Williston Park, New York 11596

      Law Offices of Peter Smith & Associates
      232 East Main Street
      Huntington, New York 11743
        By: Peter Smith, Esq.

      Daniel Nobel, Esq.
      401 Broadway - 25th Floor
      New York, New York 10013

      Law Offices of Richard Ware Levitt
      148 E. 78th Street
      New York, New York 10021
        By: Richard Ware Levitt, Esq.

      William T. Martin & Associates

32 Court Street
Suite 707
Brooklyn, New York 11201
   By: William T. Martin, Esq.

Schulman, Treem, Kaminkow, Gilden
& Ravenell, P.A.
Attorneys at Law
Suite 1800 - 18th Floor
The World Trade Center
401 East Pratt Street
Baltimore, Maryland 21202
   By: Kenneth W. Ravenell, Esq.

**HURLEY, Senior District Judge:**

The government moves to preclude defendant Rodney Morrison ("Defendant" or "Morrison") from offering any evidence at trial that Morrison was affirmatively misled by government actors into believing that the conduct charged in racketeering acts 4 through 80 of the superseding indictment was legal (docket no. 352). For the following reasons, the government's motion is denied.

## *DISCUSSION*

Familiarity with the facts and procedural background is presumed.

The government seeks to preclude Defendant from presenting evidence at trial on New York State's forbearance policy with regard to the collection of taxes on cigarette sales from on-reservation retailers to non-Native Americans. The government moves to preclude Defendant from offering this evidence via an entrapment by estoppel defense. The government also requests that its motion "be construed as a standing objection to any evidence offered by the defense that the Court finds is not legally cognizable under the entrapment by estoppel defense." (Gov't's Oct. 9, 2007 Letter at 7.)

2

"The defense of entrapment by estoppel bars conviction of a defendant whose commission of a crime results from government solicitation, so long as the defendant reasonably believes that government agents authorized him to commit the criminal act." *United States v. George*, 386 F.3d 383, 399 (2d Cir. 2004). "The entrapment by estoppel defense does not negate any of the statutory elements of a crime. Rather, the entrapment by estoppel defense recognizes that even though the government may have proved all of the elements of a crime, to convict the defendant for acts committed in reasonable reliance on a government official's statement would violate due process or fundamental fairness." *Id.* at 399. Therefore, "[e]ntrapment by estoppel is a defense applicable only to crimes that do not require fraudulent intent, because the establishment of entrapment by estoppel would also negate the intent requirement of such crimes." *Id.* at 400; *see also United States v. Abcasis*, 45 F.3d 39, 44 (2d Cir. 1995) (entrapment by estoppel "focuses on the *conduct of the government* leading the defendant to believe reasonably that he was authorized to do the act forbidden by law").

Here, racketeering acts 4 through 80 charge Defendant with selling and distributing contraband cigarettes in violation of 18 U.S.C. § 2342(a) (the Contraband Cigarettes Trafficking Act ("CCTA")) and 18 U.S.C. § 2. Although the superseding indictment charges Defendant with violations of the CCTA both as a principal and as an aider and abettor, and although the government has espoused various prosecutorial theories as the case has progressed, the government's most recent correspondence limits itself to a theory of aiding and abetting. (*See, e.g.*, Gov't's Oct. 18, 2007 Letter at 2 ("[Morrison's] liability in this case will be determined on evidence that he knowingly and intentionally aided and abetted others in sales and distribution of untaxed cigarettes off the reservation in violation of both New York and federal

law."); Gov't's Oct. 9, 2007 Letter at 3 ("In the present case the government will show as to Racketeering Acts 4 through 80 that the defendant aided and abetted others in the sale and distribution of contraband cigarettes.").)

The federal aiding and abetting statute provides that anyone who "aids, abets, counsels, commands, induces or procures" the commission of a crime against the United States "is punishable as a principal" with respect to that crime. 18 U.S.C. § 2(a). "In order to secure a conviction for aiding and abetting under 18 U.S.C. § 2(a), the Government must prove: (1) that the underlying crime was committed by someone other than the defendant; and (2) that the defendant either acted or failed to act with the specific intent of enabling its commission." *United States v. Frampton*, 382 F.3d 213, 223 (2d Cir. 2004). Thus, "aiding and abetting is . . . a specific intent crime." *United States v. Samaria*, 239 F.3d 228, 234-35 (2d Cir. 2001).[1]

Defendant's claim that he believed he was authorized to sell unlimited quantities of untaxed cigarettes to non-Native Americans on the reservation due to the State's forbearance policy negates the specific intent element of the aiding and abetting statute under which

---

[1] By contrast, the CCTA provides that "[i]t shall be unlawful for any person *knowingly* to ship, transport, receive, possess, sell, distribute, or purchase contraband cigarettes or contraband smokeless tobacco." 18 U.S.C. § 2342(a) (emphasis added). "The use of 'knowingly' in a statutory *mens rea* provision typically signals that the statute only requires a finding of general intent for conviction." *George*, 386 F.3d at 390 n.6. Accordingly, courts have found that "conviction under the CCTA [as a principal] does *not* require proof that a defendant knows his conduct violates the law." *United States v. Baker*, 63 F.3d 1478, 1493 (9th Cir. 1995) (emphasis added); *see also United States v. Elshenawy*, 801 F.2d 856, 859 (6th Cir. 1986) ("[T]he government here is only required to show that [defendant] knew the physical nature of what he possessed, 'a quantity in excess of 60,000 cigarettes which [bore] no evidence of the payment of applicable state cigarette taxes.' . . . The government was not required to prove that [defendant] knew that Michigan requires that cigarette taxes be paid, or that [defendant] knew that the taxes had not been paid."); *United States v. DiMaria*, 727 F.2d 265 (2d Cir. 1984) (noting that CCTA requires "an intention to possess a quantity in excess of 60,000 [cigarettes]").

4

Defendant is being prosecuted; therefore the entrapment by estoppel defense is inapplicable to the present case. *Compare George*, 386 F.3d at 400 (discussing *United States v. Gil*, 297 F.3d 93, 107 (2d Cir. 2002)). However, to the extent the evidence bears upon Defendant's specific intent to aid and abet others to violate the CCTA, it is relevant and shall be admissible. In reaching this conclusion, the Court rejects the government's argument that the aiding and abetting charge is unaffected by the forbearance policy because the policy only pertains to *on-reservation* sales while the superseding indictment charges Defendant with aiding and abetting *off-reservation* sales. To the extent evidence is adduced at the trial that Defendant believed he had carte blanche to sell unlimited quantities of un-stamped cigarettes on the reservation regardless of what his purchasers did with those cigarettes thereafter, the forbearance policy is relevant to Defendant's intent as a purported aider and abettor.[2]

### *CONCLUSION*

For all of the above reasons, the government's motion to preclude Defendant from offering any evidence at trial that Morrison was affirmatively misled by government actors into believing that the conduct charged in racketeering acts 4 through 80 of the superseding indictment was legal (docket no. 352) is DENIED. The Defendant may present such evidence at

---

[2] On an entrapment by estoppel defense, a defendant bears the burden of proving the estoppel. *Abcasis*, 45 F.3d at 44. With regard to the specific intent element of the aiding and abetting charge, however, the burden obviously rests with the government.

trial but may not assert the defense of entrapment by estoppel.

**SO ORDERED.**

Dated: November 5, 2007
Central Islip, New York           /s
                                  Denis R. Hurley,
                                  United States District Judge