UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

              MEMORANDUM AND ORDER

 -against-         04-CR-699 (DRH)(S-2)

RODNEY ARNOLDO MORRISON,

    Defendant.
----------------------------------------------------X
A P P E A R A N C E S:

For the Government:
 Benton J. Campbell
 United States Attorney
 Eastern District of New York
 One Pierrepont Plaza
 Brooklyn, New York 11201
  By: James M. Miskiewicz, A.U.S.A.

For Defendant:
 William H. Murphy, Jr. & Associates
 12 West Madison Street
 Baltimore, MD 21201
  By: William H. Murphy, Jr.

 Anthony A. Capetola, Esq.
 2C Hillside Avenue
 Williston Park, New York 11596

 Law Offices of Peter Smith & Associates
 232 East Main Street
 Huntington, New York 11743
  By: Peter Smith, Esq.

 Daniel Nobel, Esq.
 401 Broadway - 25th Floor
 New York, New York 10013

 Law Offices of Richard Ware Levitt
 148 E. 78th Street
 New York, New York 10021
  By: Richard Ware Levitt, Esq.

 William T. Martin & Associates

32 Court Street
		Suite 707
		Brooklyn, New York 11201
			By: William T. Martin, Esq.

		Schulman, Treem, Kaminkow, Gilden
		& Ravenell, P.A.
		Attorneys at Law
		Suite 1800 - 18th Floor
		The World Trade Center
		401 East Pratt Street
		Baltimore, Maryland 21202
			By: Kenneth W. Ravenell, Esq.

**HURLEY, Senior District Judge:**

Voir dire began on Monday, October 29, 2007 and was completed on Friday, November 2, 2007, with the trial scheduled to begin on Tuesday, November 6, 2007. On November 6th, defendant requested a four week adjournment based on alleged *Brady* violations. In response, the Court granted an eight-day adjournment and the trial commenced on Wednesday, November 14, 2007.

By letter dated November 9, 2007, defendant moves to "renew [his] motion to dismiss the arson and felon-in-possession counts for violation of [defendant's] statutory and constitutional rights[1] to a speedy trial based on the additional delay occasioned by the government's recent *Brady* violations . . . ." (Nov. 9, 2007 William Murphy, Jr. Letter at 1.) Defendant contends that "[s]ince the jury is not yet sworn, we are still in the pre-trial stage for

---

[1] Although defendant makes a passing reference to a violation of his "constitutional rights," his legal arguments and the government's response thereto address solely the purported violations of 18 U.S.C. § 3161, i.e. defendant's statutory-based claim. This opinion, therefore, will similarly be confined to that subject as it is the only one appropriately framed for consideration. *See Guzman v. Local 32B-32J, Service Employees International Union,* 151 F.3d 86, 93 (2d Cir. 1998).

speedy trial purposes." (*Id.*) Defendant's position is inconsistent with the law of this Circuit.

Under the Speedy Trial Act, a trial "shall commence" within 70 days from the date of indictment or the defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). Although the statute does not define "commence," the Second Circuit has held that for Speedy Trial Act calculations, a trial "normally 'commences'" when *voir dire* begins.[2] *See United States v. Fox*, 788 F.2d 905, 908 (2d Cir. 1986); *see also United States v. White*, 980 F.2d 836, 841 (2d Cir. 1992) ("Under the Speedy Trial Act . . . courts have consistently regarded jury selection as the commencement of trial."). Therefore, the trial in this case "commenced" on October 29, 2007 and defendant's argument has no merit.

**SO ORDERED.**

Dated: December 7, 2007
      Central Islip, New York             /s_____
                                                    Denis R. Hurley,
                                                    United States District Judge

---

[2] The Circuit qualified its holding with the term "normally" because "although voir dire marks the technical commencement of the trial, the strictures of the Speedy Trial Act are not fully satisfied by mere technical commencement" if there is an unreasonable post-*voir dire* delay in the trial. *United States v. Stayton*, 791 F.2d 17, 19 (2d Cir. 1986). That is not the circumstance here.