```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X
UNITED STATES OF AMERICA,
                                              ORDER
          -against-                   04-CR-699 (DRH)(S-2)


RODNEY ARNOLDO MORRISON,

               Defendant.
----------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    One Pierrepont Plaza
    Brooklyn, New York  11201
       By: James M. Miskiewicz, A.U.S.A.
           John Durham, A.U.S.A

For Defendant:
    William H. Murphy, Jr. & Associates
    12 West Madison Street
    Baltimore, MD 21201
       By: William H. Murphy, Jr., Esq.
           Kenneth W. Ravenell, Esq.

    Anthony A. Capetola, Esq.
    2C Hillside Avenue
    Williston Park, New York 11596

    Law Offices of Peter Smith & Associates
    232 East Main Street
    Huntington, New York 11743
       By: Peter Smith, Esq.

    Daniel Nobel, Esq.
    401 Broadway - 25th Floor
    New York, New York 10013

    Law Offices of Richard Ware Levitt
    148 E. 78th Street
    New York, New York 10021
       By: Richard Ware Levitt, Esq.

    William T. Martin & Associates
    32 Court Street
```

```
     Suite 707
     Brooklyn, New York 11201
        By: William T. Martin, Esq.
```

HURLEY, Senior District Judge

The purpose of this Order is to address certain unresolved issues that were raised during the charge conference. The first such item is the defendant's request to charge concerning "possession or constructive possession of weapon(s)." (Def.'s Mar. 21, 2008 Letter at 1.) That request is denied. In reaching that conclusion, I have relied primarily on the rationale espoused by Judge Preska in <u>United States v. Gregg</u>, No. 01 CR 501, 2002 WL 1808235 (S.D.N.Y. Aug. 6, 2002).

Initially, it warrants mention that other measures were available to the defendant to have the subject firearms removed from the Peace Pipe. For instance, instead of directing Wynette Randall to package the items and ship them to Allison Stewart (thus arguably exercising constructive control over the weapons), defendant could have (1) continued with his efforts to contact Allison Stewart and demand that she remove the weapons from the Peace Pipe, or (2) if that effort came to naught, he could have contacted the police, explained that he is a felon, and that a former employee left her firearms in her office at the Peace Pipe and ask for their assistance in resolving the matter.

Moreover, I, like Judge Preska have reservations about the viability of the innocent, or fleeting possession charge

under discussion given that the statute contains no such exception, and the Second Circuit has never squarely held that such a charge is appropriate.

With respect to the RICO "relatedness" language found on page 62 of the draft charge, more particularly the last sentence of the sole full paragraph on that page, the Court declines to delete it as requested by the defense. In reaching that conclusion I have considered, inter alia, the following decisions: <u>United States v. Locascio</u>, 6 F.3d 924, 942-43 (2d Cir. 1993); <u>United States v. Minicone</u>, 960 F.2d 1099, 1106 (2d Cir. 1992); and <u>United States v. Indelicato</u>, 865 F.2d 1370, 1383 (2d Cir. 1989).

The other unresolved issues, including those outlined in defense counsel's March 23, 2008 letter, will be resolved via bench decisions.

SO ORDERED.

Dated: March 24, 2008
      Central Islip, New York

_____
DENIS R. HURLEY, U.S.D.J.