UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

                                        MEMORANDUM AND ORDER
          -against-                     04-CR-699 (DRH)(S-2)

RODNEY ARNOLDO MORRISON,

                 Defendant.
--------------------------------X
A P P E A R A N C E S:

For the Government:
     Benton J. Campbell
     United States Attorney
     Eastern District of New York
     610 Federal Plaza
     Central Islip, New York  11722
          By: James M. Miskiewicz, A.U.S.A.
               John Joseph Durham, A.U.S.A.
               Diane C. Leonardo-Beckman, A.U.S.A.

For Defendant:
     William H. Murphy, Jr. & Associates
     12 West Madison Street
     Baltimore, MD 21201
          By: William H. Murphy, Jr., Esq.
               Kenneth W. Ravenell, Esq.

     Law Offices of Peter Smith & Associates
     389 Fort Salonga Road
     Northport, New York 11768
          By: Peter Smith, Esq.

     Daniel Nobel, Esq.
     401 Broadway - 25th Floor
     New York, New York 10013

     Levitt & Kaizer, Esqs.
     148 E. 78th Street
     New York, New York 10075
          By: Richard Levitt, Esq.

HURLEY, Senior District Judge

          The purpose of this Order is to obtain further input

from the government and supporting authority regarding its

position, as voiced during the January 29, 2010 sentencing proceeding, that it would be inappropriate for me to utilize Fed. R. Civ. P. 32(i)(3)(B) to forego a determination of the hotly disputed and factually problematic amount of tax loss attributable to racketeering acts ("RAs") 5 though 80 for guideline calculation purposes.  In making the subject suggestion, I noted that the adjusted offense level of 34 for RAs 5 through 80 (PSR ¶ 82) was rendered essentially irrelevant given (1) my finding that the government had established under U.S.S.G. Guideline § 1B1.3 that RAs 3A, 3B, 3C, and 3D constitute relevant conduct under Count

 2, thus producing a total offense after grouping of 47 (id., at ¶ 92), and (2) my indication that the amount of tax loss will not be considered by me directly or indirectly in determining the appropriate sentence.

        On January 29, 2010, the defense supported the Court's suggestion as a reasonable alternative to unnecessarily prolonging the sentencing process.  The government, however, voiced a contrary view.  The Court has done some independent research in an effort to determine the validity of the government's position, thus far without success.  Accordingly, the government is directed to file a letter brief in support of its position on or before February 5, 2010, to which the

defendant will have until February 10, 2010, to file such

response as he deems appropriate.

       SO ORDERED.

Dated: February 1, 2010
      Central Islip, New York


          _____/s/_____
          DENIS R. HURLEY, U.S.D.J.