UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA,

        -against-            MEMORANDUM AND ORDER
                               04-CR-699 (DRH)

RODNEY MORRISON,

               Defendant.
-------------------------------X

A P P E A R A N C E S:

For the Government:
    Loretta Lynch
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York
      By: Nicole Boeckmann, A.U.S.A.
         James M. Miskiewicz, A.U.S.A.

For Defendant:
    Levitt & Kaizer
    40 Fulton Street, 23rd Floor
    New York, New York 10038
      By: Richard Levitt, Esq.

HURLEY, Senior District Judge

      Pending before the Court is the application of Rodney Morrison ("Morrison") to vacate his convictions. That request is based upon information provided by the government indicating that "one or more jurors was improperly exposed to external influences prior to and during deliberations." (Court's Mar. 27, 2013 Mem. and Order at 2.) For purposes of determining the extent of the likely intrusion and concomitant prejudice to defendant, if any, the Court has scheduled a hearing to be held on April 26, 2013. By letter dated April 15, 2013, defendant has asked for a pre-hearing determination "as to the admissibility of

the memoranda, notes and reports produced by the government in its interviews with the juror and alternate juror at issue" (hereinafter the "interview notes"), and that I reconsider my prior decision "to conduct the questioning of the juror witnesses . . . rather than allowing the parties to question the witnesses directly."  (Def.'s Apr. 15, 2013 Letter at 1.)  These issues will be addressed seriatim.

## INTERVIEW MATERIALS

In seeking the admission of the interview notes into evidence, defendant maintains "that the jurors' statements are non-hearsay statements" and even if, arguendo, deemed to be hearsay, "fall[] within the residual exception" provided in Federal Rule of Evidence 807.  (Id. at n.2.)  The government, on the other hand, views the "investigators' reports [as] unquestionably hearsay."[1]  (Gov't's Apr. 17, 2013 Letter in Opp'n at 1.)

Defendant's application seeks the introduction of the interview notes in toto.  Admittedly, some of the notes are not hearsay.  For example, if the juror to whom the bribe offer was supposedly extended told the government that he advised another

---

[1] Neither party has suggested that the scheduled hearing could conceivably be considered as a"[m]iscellaneous proceeding[]" under Federal Rule of Evidence 1101(d)(3) and, as such, not governed by the Federal Rule of Evidence.  Fed. R. Evid. 1101(d)(3).  Accordingly that possibility will not be pursued.

juror of that fact, the relevance of that statement typically would depend on its mere utterance and likely effect on the other juror, rather than on whether the out-of-court declarant was actually the recipient of a bribe offer. Similarly, use of the interview notes to establish that erroneous information was furnished to the government would not be objectionable on hearsay grounds given that the thrust of the proffer would be to show the falsity of the out-of-court utterance, not its truth. Conversely, an effort to use a portion of the interview notes to show that a juror did in fact receive a bribe offer would constitute hearsay under the definition of that term in Federal Rule of Evidence 801(c). Simply put, defendant's suggestion that none of the interview notes constitute hearsay suffers from overbreadth and is thus rejected.

Defendant's reliance on Rule 807, entitled the "Residual Exception," is similarly unavailing. That Rule has four conjunctive requirements all of which must be satisfied to permit an item's receipt into evidence. The third of the four requirements provides that the proffered information must be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. of Evid. 807(a)(3). However, there is nothing to suggest that the testimony of the juror-interviewees, and possibly of the government interviewers will be any less

"probative on the point" than the interviewers' notes of the interview sessions.

In sum, defendant's application that all of the interview notes be received into evidence is denied, although I recognize that at the hearing on April 26, 2013 some portion of those notes — assuming that the proper foundation is laid and the items are not otherwise objectionable — may be received into evidence as relevant, non-hearsay out-of-court declarations.

> THE COURT, WITH INPUT FROM COUNSEL BOTH
> BEFORE AND DURING THE HEARING, WILL CONDUCT THE
> <u>QUESTIONING OF THE JUROR AND ALTERNATE JUROR</u>

Post verdict evidentiary hearings of jurors "should be avoided whenever possible." <u>United States v. Ianniello</u>, 866 F.2d 540, 543 (2d Cir. 1989)(internal quotation marks omitted). It is undisputed, however, that Morrison, based on the information furnished by the government and underscored by his attorneys, has more than met the burden necessary to warrant a hearing. <u>See generally</u> <u>id.</u> Nonetheless, the scope of the hearing "should be limited to only what is absolutely necessary to determine the facts with precision." <u>Id.</u> at 544 (citing <u>United States v. Moten</u>, 582 F.2d 654, 667 (2d Cir. 1978)).[2]

---

[2] The limitation on the scope of post-verdict inquiries made of jurors pertains not only to subject matter, but also to the number of jurors examined, at least in the first instance depending on the circumstances. <u>United States v. Moten,</u> 582 F.2d at 668 (per curiam decision resolving government's petition for rehearing).

Federal Rule of Evidence 606(b) further complicates the post-verdict hearing process via its mandate that jurors may, in essence, only be questioned about whether they were exposed to extraneous information during the trial or during their deliberations, independent of any inquiry as to the effect such information may have had on the deliberate process either individually or collectively. United States v. Calbas, 821 F.2d 896-97 (2d Cir. 1987). Not surprising, given this restriction. the standard used to decipher possible prejudice to the defendant is necessarily "objective" in nature. Id. at 897.

With the above thoughts in mind, I held in my March 27, 2013 Memorandum and Order that the Court would do the questioning of the jurors involved, with input from both the government and defense by way of proposed questions or lines of inquiry prior to and during the scheduled hearing. My decision to proceed in that fashion, rather than having the parties examine the subject jurors directly, was a matter addressed to my discretion. United States v. Moten, 582 F.2d at 667. Having read the defendant's request for reconsideration, as well as the government's opposition thereto, I see no reason to alter that decision and, accordingly, it will stand.

CONCLUSION

For the reasons indicated, the government's objection to the interview notes being received in evidence is granted, and

the Court will conduct the questioning of the subject juror and alternate juror at the April 26, 2013 hearing.

SO ORDERED.

Dated: April 22, 2013
      Central Islip, New York

                                              _____
                                              DENIS R. HURLEY, U.S.D.J.